M/D 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

*CHRIS AGEE # 294861*

Full name and prison name of
Plaintiff(s)

v.

*Correctional Officer Erik Culver*
*Correctional Officer Henry Hunter.*

_____

_____

_____

Name of person(s) who violated your
constitutional rights. (List the names
of all the person.)

CIVIL ACTION NO. *2: 15cv 83 · MHT*
(To be supplied by Clerk of U.S. District
Court)

I.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or
similar facts involved in this action? YES ☐  No ☒

B.    Have you begun other lawsuits in state or federal court relating to your
imprisonment?          YES ☐          NO ☒

C.    If your answer to A or B is yes, describe each lawsuit in the space below. (If there
is more than one lawsuit, describe the additional lawsuits on another piece of paper,
using the same outline.)

1.    Parties to this previous lawsuit:

Plaintiff (s) _____

_____

Defendant(s) _____

_____

2.    Court (if federal court, name the district; if state court, name the county)

_____

_____

3. Docket number _____

4. Name of judge to whom case was assigned _____
_____

5. Disposition (for example: was the case dismissed? Was it appealed? Is it still pending ?) _____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. PLACE OF PRESENT CONFINEMENT _Kilby Correctional facility_
_P.O. Box 150 Mt. Meigs, Alabama 36057_

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _"Same as_
_Above "_

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | Erik Culver | 301 S. Ripley st Mont. Ale. 36130 |
| 2. | Henry Hunter | 301 S. Ripley st Mont. Ale. 36130 |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _January 26th, 2015_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _Violation of 8th and 14th Amendment rights to the U.S. Constitution for Excessive Use of force._

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

*See Attached Memorandum* \*

GROUND TWO:_____

SUPPORTING FACTS:_____

GROUND THREE:_____

SUPPORTING FACTS:_____

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

*Plaintiff requests Compensatory and Punitive Damages*
*In an amount to be determined by a Jury;*
*Reasonable Attorney fees and Court Costs.*

_Chris Agee_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11-16-15_____.
(Date)

_Chris Agee_
Signature of plaintiff(s)

RECEIVED

2015 NOV 17 P 12: 03

<u>MEMORANDUM OF LAW</u>

Plaintiff Chris Agee (Agee) Avers that on or about January 26th, 2015, He was an incarcerated Inmate under the remand of the Alabama Department of Corrections at Kilby Correctional facility in Mount Meigs, Alabama.

At approximately 11:00 P.M. Agee was on his assigned bed In B-Dorm. Agee was talking to the Inmate on the bed next to him when Correctional Officer Erik Culver (Culver), who was assigned to Supervise B-Dorm, Came up to the end of his assigned bed and asked him "what the fuck he was doing talking during lock-down?" To which Agee replied "I was only answering a question." Culver then told Agee to "Get his Crippled Ass up." (Agee Suffers from Cerebral Palsy and Uses a wheelchair). Culver then Ordered Agee to get in his wheelchair and "Roll it" up to the Shower Area of the Dormitory. When Agee got up to get in his wheelchair Culver pushed him because he (Agee) wasn't moving fast enough almost Knocking him down to the ground and stating "I dont Care if your Crippled Ass is in a wheelchair; I'll Knock you out of it and Put you back in it and Knock You out of it again". Once Agee was Seated in the wheelchair and was attempting to Manuver himself where he was ordered to go by Culver; He (culver) Started

to Push the wheelchair by the Handles and Manuvered Out of the Doorway of B-Dorm into the Hallway where a Garbage Can was blocking the way. Culver ran Agee and his wheelchair into the garbage Can.

When Agee was Sitting in the wheelchair outside of the I.C.S. office ( He had been Placed there by Culver as punishment for talking ) Officer Henry Hunter (Hunter) Approached him and asked him "What the Fuck were you doing talking during Count'?" Hunter must have meant lock-down not Count. To which Agee Replied "I didn't Know it was bad—I was only answering a question, Man." Hunter Immediately Stated "I'm not a man I'm a Correctional Officer." After Agee didn't respond Hunter Asked him "Did you hear me?" "I'm talking to you?". To which Agee still Said nothing; Hunter then Stated "What you don't think a Black Man Can't be a Correctional Officer?" Agee again Said nothing Hunter then Stated "You Just think I'm a Dumb Stupid nigger, is that right?" Agee then Stated "I wouldn't propose to Know what you are Sir." Hunter than balled Up his fist and Physically Struck Agee in the face twice while he was Seated in his wheelchair. Hunter Struck Agee out of Anger with malice Aforethought. Culver and Hunter were acting under Color of Law as Correctional Officers Who were employed by the Alabama Department of Corrections

(2)

When they assaulted and Battered Agee with no Legitimate Penological Objective to be furthered by their actions. There were no Security Concerns when the Assault took Place on the night in question.

Agee Avers that due to fear of repercussions from the Officers who assaulted him (Culver and Hunter) he didn't report the Assault and Battery to their Supervisors until the next day. The Alabama Department of Corrections' Intelligence and Investigation Division Conducted an Investigation of the allegations and Subsequently found Sufficient evidence to Prefer the Case to the Montgomery County Prosecutors Office for Possible Indictment of Culver. Agee Avers that he Specifically Stated that Hunter Was the one who Punched him in the face yet the I and I Division didn't Prefer a Case against him (Hunter) for Prosecution. This Investigation was inept at best and Cursory. It Should be noted that the Investigator for I and I Division asked Culver and Hunter to Submit to a polygraph examination regarding the Allegations. They Both refused! After the assault took Place Culver Was assigned to "Tower Duty" Until further notice by his direct Supervisor Captain Timothy Logan. He eventually quit working for the A.D.O.C. Hunter was never disciplined for the Assault by the A.D.O.C.

(3)

# ARGUMENT REGARDING EXCESSIVE
## USE OF FORCE

Agee avers that Defendants' Culver and Hunter violated His 8th Amendment right to be free from Cruel and Unusual Punishment and his Consequent 14th Amendment right when they used excessive and Completely unnecessary force. The force that was used and the resulting assault and Battery that took Place was Unjustified and was done maliciously Out of Anger of a perceived epithet.

The United States Supreme Court in <u>Hudson v McMillian</u>, 503 U.S. 1, 117 L Ed $2^d$ 156, 112 S.Ct. 995 (1992), A Case that is factually Similar to the Case at bar, found that Serious Physical Injury Isn't a Prerequisite for a finding of Cruel and Unusual punishment in Violation of a Prisoners 8th Amendment right. Justice O'Connor in her Opinion writing for the Court Specifically held When prison officials inflict physical force on an inmate in a Malicious or Sadistic manner, "Contemporary Standards of decency always are violated." The law is clear that when excessive Use of force is applied not "in a good-faith effort to maintain or restore discipline" but, rather, is administered "maliciously and Sadistically to Cause harm" then a Violation of the 8th Amendment has transpired and is

(4)

thus actionable. The Eleventh Circuit Court of Appeals in _Harris v Chapman_, 97 F. 3d. 499 (11th Cir. 1996) held that an "Absence of 'serious injury' alone is insufficient to dismiss prisoner's eighth amendment excessive force claim; rather, analysis of such claim is contextual and requires that many factors be considered, including need for application of force, relationship between that need and amount of force used, threat reasonably perceived by responsible officials, and any efforts made to temper severity of forceful response."

The defendants Aver that the Injury sustained by Agee was "de minimus" and is due to be dismissed as such. As was the case in _Hudson, supra_ it was specifically held that the "Type of Punishment, rather than some arbitrary quantity of injury, may be relevant for eighth amendment Claims." The Officers in the Case at bar physically assaulted Agee with the intent to demean and cause physical Injury; They did so with no legitimate penological justification Under Color of Law.

Agee Avers that he is suing Culver and Hunter in their Individual Capacities in this Cause.

Agee specifically invokes his right to trial by Jury in this Cause.

Chris Agee #AIS 294861
P.O. Box 150        B-224
MT meigs AL, 36057

...respondence is forwarded from an Ala... Prison. The
... have not been evalu... ...nt of
...ions is not responsible for the sub... ...em of the
enclosed Communication."



MONTGOMERY AL 360
16 NOV 2015 PM 3 L

Unitd States District court for
The middle District of Alabama
One church Street Suite B-110
Montgomery AL, 36104 -4018

3610440180l