IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRIS AGEE, #294861, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:15-CV-83-MHT |
| | ) |
| HENRY HUNTER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint and amendment thereto filed by Chris Agee ("Agee"), a state inmate, in which he challenges the constitutionality of actions taken against him at the Kilby Correctional Facility in January of 2015. The initial order of procedure entered in this case instructed Agee to immediately inform the court of any new address. *Order of May 19, 2015 - Doc. No. 18* at 6.

On April 13, 2016, the court entered an order a copy of which the Clerk mailed to Agee. The postal service returned this order because Agee could not be located at the address he last provided to the court. In light of the foregoing, the court entered an order requiring that Agee show cause why this case should not be dismissed for his failure to inform the court of his current address as directed by the order of procedure. *Order of April 26, 2016 - Doc. No. 71*. The show cause order specifically advised Agee that this case could not proceed if his whereabouts remained unknown and cautioned him that

failure to comply with the order's directives would result in a Recommendation that this case be dismissed. *Id*. The postal service again returned this order as Agee was not at the address of record.

As is clear from the foregoing, Agee has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Agee is no longer interested in the prosecution of this case as he has not kept the court informed of his correct address. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that **on or before May 26, 2016,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of May, 2016.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE